UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS K. MOORE,                    Case No. 4:06-CV-48

       Plaintiff,                          Hon. Richard Alan Enslen

v.

JUDGE WESTRA,

       Defendant.
_____/

## JUDGMENT

Plaintiff has initiated the present action against Judge Westra. While not clear from Plaintiff's Complaint, it appears that Plaintiff is attempting to sue the Honorable Vincent Westra, who sits on the Eighth District Court in Kalamazoo, Michigan. The Court has granted Plaintiff's motion to proceed as a pauper in this matter. Having granted Plaintiff's motion to proceed as a pauper, the Court has conducted an initial review of the Complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Having conducted this initial review, the Court concludes that Plaintiff's Complaint must be dismissed for failure to state a claim upon which relief may be granted.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed for failure to state a claim upon which relief may be granted where, even accepting as true Plaintiff's allegations and construing the complaint liberally in his favor, it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

According to Plaintiff, he appeared before Judge Westra on March 22, 2006. Upon entering the courtroom, Plaintiff, who claims to be Muslim, was asked to remove his head scarf. Plaintiff informed "the two Caucasian secretaries" that the head scarf was part of his "Muslim Garb." In response, Plaintiff was informed that he could wear his head scarf. This encounter occurred before Judge Westra took the bench. When the Judge later took the bench, he asked Plaintiff about his head scarf and whether it was part of his religious beliefs. Plaintiff is upset because he "didn't like the fact of being questioned about [his head scarf] twice." Plaintiff asserts that because "there must be an audio & video system in his courtroom chambers," the judge should have known (before entering the courtroom) that Plaintiff wore a head scarf in recognition of his faith.

Plaintiff has not alleged that he was denied the right to wear his head scarf. Moreover, while Plaintiff may have been upset at having to address the subject twice, Plaintiff has alleged no facts from which a reasonable person could conclude that Plaintiff's rights were violated. In sum, Plaintiff's claim is wholly frivolous and his Complaint fails to state a claim for which relief may be granted. Furthermore, Judge Westra is entitled to judicial immunity regarding his questioning of parties to a judicial proceeding. *See Mireless v. Waco*, 502 U.S. 9, 11 (1991).

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff Thomas K. Moore's Complaint (Dkt. No. 1) is **DISMISSED WITH PREJUDICE**.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>June 12, 2006 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |